IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| **Heline Chambers**, | ) | Civil Action No. 2:11-cv-0261-RMG-BM |
| Plaintiff | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| **Medical University Hospital Authority**, | ) | |
| Defendant. | ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Ninth Judicial Circuit. Plaintiff asserts claims under, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. The case was removed to this United States District Court by the Defendant on February 1, 2011.

On March 22, 2011, the Defendant filed a Rule 12 motion to dismiss Plaintiff's state law discrimination claims as well as her claim asserted under 42 U.S.C. § 1981, and to strike Plaintiff's claim for punitive damages. As the Plaintiff is proceeding pro se and a motion to dismiss is dispositive, a Roseboro order was entered by the Court on March 23, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. However, notwithstanding the specific warning and instructions as contained in the Court's Roseboro order, Plaintiff did not file any response to the Defendant's motion.



In light of Plaintiff's pro se status, the Court entered a second order on May 18, 2011 noting Plaintiff's failure to respond (as well as the fact that Plaintiff had also failed to respond to a previous motion to dismiss or to substitute parties, and indeed had had no contact with the Court whatsoever since the removal of this case from state court), granting Plaintiff an additional ten (10) days from the date of that Order in which to file her response to the motion to dismiss, and advising Plaintiff that if she failed to respond, this action would be recommended for dismissal for failure to prosecute. In response to that Order Plaintiff file a memorandum in letter form with some attached exhibits, and asking that her claim/case not be dismissed. Defendant's motion is now before the Court for disposition.[1]

**Discussion**

Plaintiff alleges in her Complaint that she is a former employee of the Defendant, and that she was discriminated and retaliated against, and wrongfully terminated, in violation of Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; 42 U.S.C. § 1981; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112; and the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-90, et seq. Plaintiff also alleges a state law claim for breach of contract/wrongful discharge. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

### (State Law Discrimination Claims)

Plaintiff alleges in her Complaint that she filed a charge of discrimination with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC) in May 2009, and that she then filed this lawsuit within ninety (90) days of her receipt of a notice of right to sue dated July 27, 2010. Defendant argues in its motion that Plaintiff's claims under the South Carolina Human Affairs law should be dismissed as time barred, because S.C. Code Ann. § 1-13-90(d)(6) requires that an action brought pursuant to that Statute "be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the Complainant's charge is dismissed, *whichever occurs earlier*, . . . ." (emphasis added). Defendant argues that since Plaintiff alleges in her Complaint that she filed her charge of



discrimination with SCHAC in May 2009, alleging that she had been discriminated against, harassed, wrongfully terminated and retaliated against, her claims against the Defendant matured no later that May 2009, and that since Plaintiff did not file this action until October 25, 2010 (over a year later), her SCHAL claims are time barred.

However, a plain reading of the Complaint shows that Plaintiff's use of the date "2009" in ¶ 10 of her Complaint is an apparent typographical error, as it is readily apparent from a further reading of the Complaint that Plaintiff was discharged from her employment in 2010, not 2009. In ¶ 16 of her Complaint, Plaintiff alleges that she was terminated in March (which, even if in 2009, would have been *after* Defendant argues Plaintiff filed her administrative charge). In ¶ 28 of the Complaint, Plaintiff discusses events that happened to her at work in July 2009, and in ¶ 36 she alleges that she was involuntarily placed on FMLA leave at the end of 2009 and was later summarily terminated at the expiration of her FMLA leave, leaving one to the reasoned conclusion that her termination date was March 2010, not March 2009, and that her SCHAC charge was therefore filed in May 2010, not 2009. It is also noted that in her response to the Defendant's motion, Plaintiff discusses having been put on FMLA leave by her supervisor on February 16, 2010.

Therefore, while it is understandable why the date set forth in ¶ 10 of Plaintiff's Complaint may have caused some confusion, giving Plaintiff's Complaint the liberal construction to which it is entitled as a pro se pleading, the undersigned can not find as a matter of law that Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief under the South Carolina Human Affairs law "on its face". See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual

4



allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The Defendant is therefore not entitled to dismissal of Plaintiff's SCHAL claims at this time based on statute of limitations grounds.

## II.

### (Claims under 42 U.S.C. § 1981)

With respect to Plaintiff's claim under § 1981, the Defendant argues that it is entitled to dismissal of this claim as a matter of law because there is no private right of action under this Statute against public defendants.[2] The undersigned is constrained to agree. See Jett v. Dallas Independent School District, 491 U.S. 701, 733 (1989); Dennis v. County of Fairfax, 55 F.3d 151, 156, n. 1 (4th Cir. 1995). Therefore, the Defendant is entitled to dismissal of any claims being asserted under 42 U.S.C. § 1981.

## III.

### (Punitive Damages)

Finally, Defendant argues that, as a governmental entity, it is not subject to punitive damages. The undersigned is again constrained to agree with this argument. See City of Newport

---

[2]Defendant asserts that it is a public, not private, hospital authority, and Plaintiff has not disputed this representation in her response, nor does she allege that the Defendant is a private entity in her Complaint.



v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981); MacMurphy v. South Carolina Department of Transportation, 367 S.E.2d 150, 151 (S.C. 1988).  Therefore, the Defendant is entitled to dismissal of Plaintiff's claim for punitive damages.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss and/or strike Plaintiff's claims under 42 U.S.C. § 1981 and for punitive damages be **granted**, and that those claims and/or requested relief be stricken and **dismissed** from the Complaint.  It is further recommended that the Defendant's motion to dismiss Plaintiff's claims under the South Carolina Human Affairs Law be **denied**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 8, 2011

Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).