IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK, CHARLESTON, SC

2011 JUN 28 P 1: 20

| | |
|---|---|
| Heline Chambers,<br>    Plaintiff, | )<br>)<br>)    Civil Action No. 2:11-cv-0261-RMG |
| v. | )    **ORDER** |
| Medical University Hospital<br>Authority,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

This matter is before the court in Plaintiff's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On June 8, 2011, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss and/or strike Plaintiff's claims under 42 U.S.C. § 1981 and for punitive damages be granted, and that those claims and/or requested relief be stricken and dismissed from the Complaint . (Dkt. No. 27). Further, the Magistrate Judge recommended that Defendant's motion to dismiss Plaintiff's claims under the South Carolina Human Affairs Law be denied. (Dkt. No. 27). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation. Plaintiff objected to the Magistrate Judge's Report and Recommendation and the Defendant filed no objection to the Report and Recommendation. As explained herein, this Court has conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This

Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff asserts claims alleging discrimination, retaliation, and wrongful termination of Plaintiff as a former employee of Defendant in violation of Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; 42 U.S.C. § 1981; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112; and the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-90, *et seq*. Plaintiff further alleges a state law claim for breach of contract/wrongful discharge. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant has moved to dismiss Plaintiff's state law discrimination claims as well as her claim asserted under 42 U.S.C. § 1981, and to strike Plaintiff's claim for punitive damages.

Defendant argues in its motion that Plaintiff's claims under the SCHAL should be dismissed as time barred under S.C. Code Ann. § 1-13-90(d)(6), which requires that an action brought pursuant to that Statute "be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the Complainant's charge is dismissed, *whichever occurs earlier,...*" (emphasis added). Here, Defendant relies on the typographical

error in Plaintiff's complaint stating she filed a charge against Defendant with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC) in May 2009, which would make this action filed October 25, 2010 (over a year later) time barred. However, a plain reading of the Complaint shows that Plaintiff's use of the date "2009" is an apparent typographical error, and it is clear from further reading that Plaintiff was discharged from her employment in 2010, not 2009, and that her SCHAC charge was therefore filed in May 2010. Thus, giving Plaintiff's Complaint the liberal construction to which it is entitled in a *pro se* pleading, this Court can not find as a matter of law that Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief under the South Carolina Human Affairs Law "on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level); *cf. Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir. 2005) ("Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relif'"), citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Therefore, Defendant is not entitled to dismissal of Plaintiff's SCHAL claims at this time based on statute of limitation grounds.

However, Defendant is entitled to dismissal of any claims being asserted under 42 U.S.C. § 1981, since, as a matter of law, there is no private right of action under the statute against public defendants. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989); *Dennis v. County of Fairfax*, 55 F.3d 151, 156, n.1 (4th Cir. 1995).

Lastly, the Defendant, as a governmental entity, is not subject to punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981); *MacMurphy v. South Carolina Department of Transportation*, 367 S.E.2d 150, 151 (S.C. 1988). Thus, Defendant is entitled to dismissal of Plaintiff's claim for punitive damages.

Based on the above, Defendant's motion to dismiss and/or strike Plaintiff's claims under 42 U.S.C. § 1981 and for punitive damages is **GRANTED**, and those claims and/or requested relief are stricken and dismissed from the Complaint. Further, Defendant's motion to dismiss Plaintiff's claims under the South Carolina Human Affairs Law is **DENIED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

June 28, 2011
Charleston, South Carolina